# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-1748V

|  |  |
|---|---|
| ANIFE TASHI,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | Chief Special Master Corcoran<br><br>Filed: March 12, 2026 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On October 25, 2024, Anife Tashi filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as the result of an influenza ("flu") vaccination received on October 15, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 7, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On March 11, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $110,000.00 for pain and suffering, $432.52 for unreimbursed expenses, and $10,745.91 to satisfy the State of Ohio Medicaid lien. Proffer at 1-2. In the Proffer, Respondent represented that

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following compensation:**

    a. **A lump sum payment of $110,432.52, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.**

    b. **A lump sum payment of $10,745.91, representing compensation for satisfaction of the State of Ohio Medicaid lien, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to:**

> **Ohio Tort Recovery Unit**
> **P.O. Box 166529**
> **Irving, TX 75016**

**Petitioner agrees to endorse this payment to Treasurer, State of Ohio.**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| ANIFE TASHI,<br><br>          Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>          Respondent. | No. 24-1748V<br>Chief Special Master Corcoran<br>SPU |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On July 3, 2025, respondent filed his Vaccine Rule 4(c) report, and conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act.  ECF No. 20. Thereafter, on July 7, 2025, the Chief Special Master issued a Ruling on Entitlement finding that petitioner was entitled to vaccine compensation for her left Shoulder Injury Related to Vaccine Administration ("SIRVA").  ECF Nos. 21-22.

**I.      Compensation for Vaccine Injury-Related Items**

Based on the evidence of record, respondent proffers that petitioner should be awarded **$110,432.52,** which is comprised of damages for pain and suffering ($110,000.00) and unreimbursed expenses ($432.52).  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a), with the exception of the reimbursement of the Medicaid lien, below.  Petitioner agrees.

Respondent further proffers that petitioner should be awarded funds to satisfy a state of Ohio Medicaid lien in the amount of **$10,745.91**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the state of Ohio may have against any individual as a result of any Medicaid payments that the state of Ohio has made to or on behalf

of Anife Tashi from the date of her eligibility for benefits through the date of judgment in this

case as a result of her vaccine-related injury suffered on or about October 15, 2022, under Title

XIX of the Social Security Act.  Petitioner agrees.

## II.      Form of the Award

Respondent recommends that the compensation provided to petitioner be made through

two lump sum payments as described below:

(1)      The parties recommend that compensation provided to petitioner should be made through a lump sum payment of **$110,432.52**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.[1] Petitioner agrees.

(2)      A lump sum payment of **$10,745.91**, representing compensation for satisfaction of the state of Ohio Medicaid lien, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to:

> Ohio Tort Recovery Unit
> P.O. Box 166529
> Irving, TX 75016

Petitioner agrees to endorse this payment to Treasurer, State of Ohio.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future pain and suffering.

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

s/ *Mallori B. Openchowski*
MALLORI B. OPENCHOWSKI
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel.:  (202) 305-0660
mallori.b.openchowski@usdoj.gov

DATED:  March 11, 2026

<u>CERTIFICATE OF SERVICE</u>

I certify that today, March 11, 2026, a copy of the foregoing pleading was served by electronic mail to Patrick Kelly at pkelly@ccandh.com.

<u>s/ Mallori B. Openchowski</u>

4